IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

TIMOTHY S.[1],

        Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

        Defendant.

Case No. 3:17-cv-1789-AC

OPINION AND ORDER

KARL E. OSTERHOUT
Osterhout Berger Disability Law, LLC
521 Cedar Way, Suite 200
Oakmont, PA 15139

MARK A. MANNING
Harder Wells Baron & Manning, PC
474 Willamette St., Suite 200
Eugene, OR 97401

    Of Attorneys for Plaintiff

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

OPINION AND ORDER – 1

BILLY J. WILLIAMS
United States Attorney
RENATA GOWIE
Assistant United States Attorney
District of Oregon
1000 SW Third Ave., Suite 600
Portland, OR 97204-1011

ERIN F. HIGHLAND
Special Assistant United States Attorney
Office of the General Counsel
701 Fifth Ave., Suite 2900 M/S 221A
Seattle, WA 98104-7075
    Of Attorneys for Defendant

*Findings and Recommendation*

ACOSTA, Magistrate Judge:

Timothy S. ("Plaintiff") seeks judicial review of the final decision by the Social Security Commissioner ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA"). This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Based on a careful review of the record, the Commissioner's decision should be AFFIRMED.

*Procedural Background*

Plaintiff filed for DIB on March 20, 2014, alleging disability beginning March 1, 2012. (Tr. 97.) Plaintiff subsequently amended the alleged onset date to May 1, 2013. (Tr. 222.) Plaintiff alleges disability due to depression, arthritis, back problems, muscle spasms, blindness, and poor memory. (Tr. 98, 285.) His application was denied initially and upon reconsideration. (Tr. 97, 110.) Two hearings were convened in this matter: the first occurred on February 11, 2016 before an Administrative Law Judge ("ALJ"); Plaintiff was represented by counsel and testified, as did a vocational expert ("VE"). (Tr. 56-96.) A supplemental ALJ hearing took place on June 10, 2016, in which a Plaintiff-provided VE testified. (Tr. 38-53.) Thereafter, the ALJ

submitted interrogatory questions to the VE who testified at the first hearing. (Tr. 392-97.) On January 13, 2017, ALJ Sue Leise issued a decision finding Plaintiff not disabled. (Tr. 29.) Plaintiff requested timely review of the ALJ's decision and, after the Appeals Council denied her request for review, filed a complaint in this Court. (Tr. 1-3.)

*Factual Background*

Born in 1968, Plaintiff was 44 years old on his alleged amended disability onset date. (Tr. 32.) Plaintiff attended school through the tenth grade, and previously worked as a ranch hand. (Tr. 25, 226.)

*Standard of Review*

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502 and 404.1520. First, the Commissioner considers whether a claimant is engaged in "substantial gainful activity." *Yuckert*, 482 U.S. at 140; 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled.

At step two, the Commissioner evaluates whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant does not have a severe impairment, he is not disabled.

At step three, the Commissioner determines whether the claimant's impairments, either singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is presumptively disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner resolves whether the claimant can still perform "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner.

At step five, the Commissioner must demonstrate that the claimant can perform other work existing in significant numbers in the national or local economy. *Yuckert*, 482 U.S. at 141-42; 20 C.F.R. § 404.1560(c). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(v).

\\\\\
\\\\\
\\\\\
\\\\\

*The ALJ's Findings*

At step one of the sequential evaluation process outlined above, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the initial alleged onset date of March 1, 2012. (Tr. 18.)

At step two, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease, meuropathy, and hearing loss. *Id.* The ALJ also found that Plaintiff's depression was non-severe. (Tr. 19.)

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the Listings of presumptively disabling impairments. *Id.*

Next, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, with the following caveats:

> [He] could stand or walk for 8 hours in an 8-hour workday and sit for 8 hours in an 8-hour workday. [Plaintiff] could occasionally climb ramps and stairs; he could not climb ladders, ropes, and scaffolds . . . could occasionally stoop, kneel, crouch, and crawl and frequently balance . . . could not work around hazards such as unprotected heights and dangerous machinery . . . [and] could not work in a very loud environment.

(Tr. 20.)

At step four, the ALJ determined Plaintiff could not perform his past relevant work as a ranch hand. (Tr. 25.)

At step five, considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that other jobs existed in the national economy which Plaintiff could perform, including "cashier II" and "mail room sorter." (Tr. 26.) Accordingly, the ALJ concluded that Plaintiff was not disabled under the Act. (Tr. 28-29.)

*Discussion*

The sole issue Plaintiff raises on appeal is whether the ALJ erred by excluding from the RFC a sit/stand option limitation set forth in a hypothetical question to the VE. *See* Pl.'s Br. 3-8. The parties agree on the relevant facts. During the hearing, the ALJ's second hypothetical question contemplated a hypothetical worker who had the capacity to, *inter alia*, stand, walk, or sit eight hours per day, but with the option to alternate between sitting and standing as needed throughout the workday. (Tr. 86-87.) Aside from the sit/stand option, the other limitations identified in the hypothetical question were identical to the ALJ's ultimate RFC determination. *Compare* (Tr. 20) *with* (Tr. 86-87). Indeed, the VE testified that, *despite* the sit/stand option, a hypothetical worker could perform the jobs of cashier II and mail room sorter, the two jobs identified by the ALJ at step five in support of the non-disability decision. (Tr. 26-27, 86-89.) Thus, although the ALJ's RFC determination was ultimately less restrictive than that posed to the VE, the ALJ carried the step five burden of proof by identifying two of the jobs that the VE determined were compatible with the more restrictive RFC. *Id.*; *see, e.g.*, *Taylor v. Colvin*, 6:12-CV-01017-BR, 2013 WL 3229978, at *7 (D. Or. June 24, 2013) (harmless error where RFC in hypothetical to VE was more restrictive than the plaintiff's actual RFC); *Barragan v. Colvin*, No. CV 12-6258-OP, 2013 WL 5467430, at *6 (C.D. Cal. Sept. 30, 2013) (same); *Bamforth v. Colvin*, No. C113-5618BHS, 2014 WL 2711827, at *3 (W.D. Wash. June 16, 2014) (same).

Nonetheless, Plaintiff contends that this case must be remanded because the ALJ included a footnote to the RFC determination which stated: "The undersigned's original hypothetical also included a sit/stand option. This was removed in the final residual functional capacity statement above based on new evidence." (Tr. 20, n.1.) Because the "new evidence"

referred to in the footnote was not identified, Plaintiff maintains that the ALJ perpetrated reversible error.[2] Pl.'s Br. 3.

In support, Plaintiff identifies a variety of legal authorities and concepts in his request for remand. First, Plaintiff asserts that the ALJ erred by considering non-record evidence in her decision, citing 20 C.F.R. § 404.953, which requires that an ALJ decision "must be based solely on the evidence offered at the hearing or otherwise included in the record." Pl.'s Br. 4. Plaintiff further argues that, as a "foundational principle," ALJ hearings are inquisitional rather than adversarial, so the ALJ has a duty to investigate facts and develop arguments both for and against awarding benefits. *Id.* (citing *Sims v. Apfel*, 530 U.S. 103, 110-11 (2000)). Plaintiff also identifies the principle that an ALJ must accept and include in the RFC limitations set forth in a medical opinion, or explain why any limitations were rejected (citing *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). Plaintiff additionally contends that because the ALJ did not identify what new evidence was considered, the RFC was erroneous to the extent it was not supported by substantial evidence, and therefore the step five finding was of no probative value. *Id.* (citing *Valentine v. Astrue*, 574 F.3d 685, 689-90 (9th Cir. 2009)). Finally, Plaintiff invokes the ALJ's requirement to present a decision in a manner that allows meaningful judicial review (citing *Molina v. Astrue* 674 F.3d 1104, 1112 (9th Cir. 2012)). Pl.'s Br. 7; Pl.'s Reply 3.

Despite Plaintiff's invocations of multiple tenets of Social Security jurisprudence, only one is apposite in this appeal: the harmless error rule. As the Ninth Circuit has repeatedly held, "we may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. Plaintiff asserts that he has established error because the court cannot discern whether the ALJ's decision was based on substantial evidence without an explanation of what

---

[2] Specifically, Plaintiff asserts that the "new evidence" at issue *must* be evidence that was not included in the record. *See* Pl.'s Br. 3-4; Pl.'s Reply 2-3. For the reasons that follow, the Court need not conjecture.

OPINION AND ORDER – 7

new evidence prompted the ALJ to drop the sit/stand option from the RFC. There is no need to disambiguate the ALJ's footnote here, however, because any error in omitting the sit/stand limitation was entirely inconsequential to the non-disability determination. *See Stout v. Comm'r Soc. Sec. Admin.*, 574 F.3d 1050, 1055 (9th Cir. 2006). Even if the sit/stand limitation was erroneously omitted, the ALJ nevertheless carried the step-five burden by identifying two jobs which were, according to the VE, compatible with the version of the RFC that included the sit/stand limitation. Even where, as here, the ALJ explained her decision with less than ideal clarity, there is no per se rule of prejudice. *Molina*, 674 F.3d at 1121-22. Based on the VE's testimony, the error Plaintiff as assigned by Plaintiff was inconsequential to the ALJ's decision.[3]

For these reasons, the court upholds the ALJ's decision as supported by substantial evidence.

*Conclusion*

Based on the foregoing, the Commissioner's decision denying Plaintiff's application for DIB is AFFIRMED.

DATED this 14th day of November, 2018.

John V. Acosta
United States Magistrate Judge

---

[3] Plaintiff's assertion that "it is literally impossible to tell "what the 'new evidence' contains or supports" is, therefore, inapposite. *See* Pl.'s Reply 3. Similarly, Plaintiff's assertion that the court may not affirm the Commissioner's ultimate decision on grounds which the ALJ did not invoke is also inapposite: the grounds for the affirmation—the existence of two jobs that a hypothetical worker with the RFC set forth in the hypothetical questions to the VE at hearing and in the interrogatory—were invoked upon by the ALJ to the extent the hypothetical RFC was more restrictive than the RFC of record. *See id.*

OPINION AND ORDER – 8